IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ASHIMIYU ALOWONLE II (1)<br>   a.k.a. Cash<br>TIMOTHY CALLENDER III (2)<br>   a.k.a. Lil' Tim<br>GLENN CARTER III (3)<br>   a.k.a. G5<br>   a.k.a. Bossman Carter<br>VICTOR COLLINS (4)<br>   a.k.a. Vic<br>DAMARI DOUGLAS (5)<br>   a.k.a. Mari<br>DEONTAE JACKSON (6)<br>   a.k.a. Leef<br>SHANNON JACKSON (7)<br>   a.k.a. Shakedown<br>ROBERT KNIGHTS JR. (8)<br>   a.k.a. CMB Rob<br>   a.k.a. Lil' Rob<br>ALBERT LUCAS V (9)<br>   a.k.a. Abk Sav<br>KAPRICE RICHARDS (10)<br>   a.k.a. Kap<br>CARTRELLE SMITH (11)<br>   a.k.a. Poo Moe | NO. 24 cr 293 KMM/DJF<br><br>**TO BE FILED UNDER SEAL** |

**INDICTMENT**

SCANNED
OCT 28 2024
U.S. DISTRICT COURT MPLS

The Grand Jury charges:

## COUNT ONE
### Racketeer Influenced and Corrupt Organizations (RICO) Conspiracy
### (Violation of 18 U.S.C. § 1962(d))

#### The Enterprise

1.      At all times relevant to this Indictment, **Ashimiyu Alowonle II, a.k.a. Cash ("Alowonle"); Timothy Callender III, a.k.a. Lil' Tim ("Callender"); Glenn Carter III, a.k.a. G5, a.k.a. Bossman Carter ("Carter"); Victor Collins, a.k.a. Vic ("Collins"); Damari Douglas, a.k.a. Mari ("Douglas"); Deontae Jackson, a.k.a. Leef ("D.Jackson"); Shannon Jackson, a.k.a. Shakedown ("S.Jackson"); Robert Knights Jr., a.k.a. CMB Rob, a.k.a. Lil' Rob ("Knights"); Albert Lucas V, a.k.a. Abk Sav ("Lucas"); Kaprice Richards, a.k.a. Kap ("Richards"); and Cartrelle Smith, a.k.a. Poo Moe ("Smith"),** the defendants, and others known and unknown to the Grand Jury, were members and associates of the Lows, a criminal organization whose members and associates engaged in acts of violence to include murder, attempted murder, narcotics distribution, and firearms trafficking. At all times relevant to this Indictment, the Lows operated in the District of Minnesota, and elsewhere.

#### Structure and Operation of the Lows

2.      The structure and operation of the Lows included, but was not limited to, the following:

    a.  The Lows have been in existence in Minneapolis since approximately 2004. The Lows were primarily active in the northside of Minneapolis.

    b.  The Lows do not have a formal initiation process to become a member. Prospective Lows members proved their loyalty to the gang by "putting in work"—that is, committing acts of violence for the benefit of the gang or offering

another benefit to the gang, i.e., introducing a source for narcotics or firearms. Lows members were expected to "hunt" (i.e., locate and kill) rival gang members—or, as Lows members often referred to rivals, "opps." Lows members were expelled from the gang for failing to "put in work."

c. Lows members often disrespected and mocked deceased rival gang members in social media posts. Lows members commonly paid tribute to deceased or incarcerated members publicly on social media. Lows members wore clothing and sported tattoos that paid tribute to deceased Lows members.

d. Lows members used common hand signs that were meant to signify a particular Lows sect, pay tribute to deceased gang members, or taunt and disrespect rival gangs.

e. Within their territory, the Lows congregated at specific businesses in north Minneapolis. Lows also used temporary residences to sell and store their firearms and narcotics, including fentanyl, oxycodone hydrochloride, and marijuana.

The Enterprise

3. At all times relevant to this Indictment, the Lows, including its leaders, members, and associates, including prospective members, constituted an "enterprise," as defined in Title 18, United States Code, Section 1961(4): that is, a group of individuals associated in fact (hereafter "the enterprise"). The enterprise constituted an ongoing organization whose members and associates, including prospective members, functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

3

## Purposes of the Enterprise

4.    The purposes of the Lows enterprise included, but were not limited to, the following:

    a.  Enriching the leaders, members, and associates of the enterprise through, among other things, illegal trafficking of controlled substances and the illegal transfer of firearms.

    b.  Preserving and protecting the power, territory, reputation, and profits of the enterprise through threats, intimidation, violence, and destruction, including, but not limited to, acts involving murder, assault, and other acts of violence.

    c.  Promoting and enhancing the enterprise and its members' and associates' activities.

    d.  Keeping victims in fear of the enterprise and in fear of its leaders, members, and associates through threats of violence and actual violence.

    e.  Attacking and retaliating against rival gang members through acts of violence, including, but not limited to, acts involving murder, assault, and other acts of violence.

## Manner and Means of the Enterprise

5.    The means and methods by which the leaders, members, and associates conducted and participated in the conduct of the affairs of the Lows' criminal enterprise included the following:

    a.  Members and associates of the enterprise committed, attempted to commit, conspired to commit, and threatened to commit acts of violence, including

4

murder, attempted murder, and assault, to protect the enterprise's power, territory, and property.

b.  To generate income, Lows members and associates engaged in illegal activities under the protection of the enterprise, including narcotics trafficking, fraud, weapons trafficking, and other illegal activities.

c.  In committing, attempting, and planning acts of violence, retaliation, and protection against rival gangs, Lows members and associates acquired, distributed, carried, and used firearms.

d.  Members and associates of the enterprise employed and used gang-related terminology, symbols, phrases, and gestures to demonstrate affiliation with the gang.

e.  To perpetuate the enterprise and to maintain their power, members and associates of the enterprise committed and conspired to commit acts involving murder and assault against individuals who posed and were perceived to pose a threat to the enterprise, Lows members, or jeopardized its operations.

f.  Members of the enterprise and their associates were forbidden from cooperating with law enforcement.

The Racketeering Conspiracy

6.  Beginning in or about 2009 and continuing through on or about the date of this Indictment, in the District of Minnesota, and elsewhere, defendants, **Ashimiyu Alowonle II, a.k.a. Cash ("Alowonle"); Timothy Callender III, a.k.a. Lil' Tim ("Callender"); Glenn Carter III, a.k.a. G5, a.k.a. Bossman Carter ("Carter"); Victor Collins, a.k.a. Vic ("Collins"); Damari Douglas, a.k.a. Mari ("Douglas"); Deontae Jackson, a.k.a. Leef**

("D.Jackson"); Shannon Jackson, a.k.a. Shakedown ("S.Jackson"); Robert Knights Jr.,

a.k.a. CMB Rob, a.k.a. Lil' Rob ("Knights"); Albert Lucas V, a.k.a. Abk Sav ("Lucas");

Kaprice Richards, a.k.a. Kap ("Richards"); and Cartrelle Smith, a.k.a. Poo Moe ("Smith"),

together with other persons known and unknown to the Grand Jury, did knowingly and

intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct

and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a

pattern of racketeering activity, as defined in Sections 1961(1) and (5) of Title 18, United States

Code, which pattern of racketeering consisted of:

a. Multiple acts involving murder, in violation of Minnesota Statutes 609.185, 609.19, 609.17, 609.175, and 609.05.1;

b. Multiple offenses involving narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846; and

c. Multiple acts indictable under Title 18, United States Code, Section 933 (relating to trafficking in firearms).

It was further a part of the conspiracy that the defendant agreed that a conspirator would

commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

Overt Acts

7. In furtherance of the conspiracy, and to effect the objects and purposes of thereof,

the defendants, Ashimiyu Alowonle II, a.k.a. Cash ("Alowonle"); Timothy Callender III,

a.k.a. Lil' Tim ("Callender"); Glenn Carter III, a.k.a. G5, a.k.a. Bossman Carter

("Carter"); Victor Collins, a.k.a. Vic ("Collins"); Damari Douglas, a.k.a. Mari ("Douglas");

Deontae Jackson, a.k.a. Leef ("D.Jackson"); Shannon Jackson, a.k.a. Shakedown

("S.Jackson"); Robert Knights Jr., a.k.a. CMB Rob, a.k.a. Lil' Rob ("Knights"); Albert

**Lucas V, a.k.a. Abk Sav ("Lucas"); Kaprice Richards, a.k.a. Kap ("Richards"),** and

**Cartrelle Smith, a.k.a. Poo Moe ("Smith"),** and others known and unknown to the Grand Jury,

committed, and caused to be committed, various overt acts, including, but not limited to, the

following:

1) On or about January 12, 2016, a Lows member posted the video "Hagi-Yall Not Die L's" on YouTube, disrespecting the Highs.

2) On or about and between February and September 2019, **Carter** displayed gang hand signs.

3) On or about May 22, 2020, **Lucas** displayed a Lows gang hand sign.

4) On or about June 17, 2020, **Lucas** displayed a rival gang sign upside down to disrespect the rival gang.

5) On or about July 3, 2020, **Lucas** possessed a firearm in Lows territory.

6) On or about October 26, 2020, **Callender** located a rival gang member and shared the rival gang member's location to another Lows member or associate who wanted to kill the rival gang member.

7) On or about January 4, 2021, **Callender** displayed a Lows gang hand sign.

8) On or about April 17, 2021, **Lucas** possessed two firearms.

9) On or about May 6, 2021, **Lucas** encountered Victim 1 at a gas station. **Lucas** confronted Victim 1, a suspected rival gang member, and shot and killed Victim 1.

10) On or about May 6, 2021, shortly after **Lucas** shot Victim 1, **Lucas** sent Facebook messages to a person known to the grand jury stating that **Lucas** needed to change clothes.

11) On or about June 1, 2021, **Lucas** possessed a firearm and ammunition.

7

12) On or about May 14, 2022, **Carter** shot and killed Victim 2, a suspected rival gang member or associate, and Victim 3, a bystander, near a food truck in the area of Broadway Ave. and Bryant Ave. N in Minneapolis.

13) On or about May 29, 2022, **Richards** and other Lows members or associates shot at a suspected rival gang member but instead hit Victim 4 at a Handy Stop gas station at or near 2600 Broadway Ave. W in Minneapolis.

14) On or about and between August and September 2022, **Knights** displayed gang hand signs, including a rival gang hand sign upside down to disrespect the rival gang.

15) On or about and between September 18 to September 20, 2022, **Knights** agreed to sell a firearm.

16) On or about October 26, 2022, **Callender** sent a Facebook video of fentanyl to a person known to the grand jury and asked that person to post the picture for **Callender.**

17) On or about Fall 2022, **Knights** purchased a firearm from a Lows member or associate.

18) On or about and between March 2021 through the time of this Indictment, several YouTube videos were publicly posted featuring **Lucas** and other Lows members and associates flashing gang hand signs, disrespecting and taunting rival gangs, and discussing possessing firearms and shooting rival gang members.

19) On or about and between February through April 2023, **S.Jackson** and **D.Jackson** sold fentanyl.

20) On or about February 25, 2023, **S.Jackson** sold **Callender** fentanyl.

8

21) On or about March 1, 2023, **D.Jackson** texted that he possessed a firearm, saying, "I'm good bro I'm in here with the pipe."

22) On or about and between March 2 to March 3, 2023, **S.Jackson** sold **Callender** fentanyl.

23) On or about March 6, 2023, **Lucas** sent the following Facebook message to another Lows member: "I love u bro on skitssquad."

24) On or about March 7, 2023, **Richards** sent a text message asking another individual for money to buy a firearm.

25) On or about March 13, 2023 **S.Jackson** arranged for the sale of fentanyl.

26) On or about March 19, 2023, **Douglas** displayed a gang hand sign.

27) On or about March 20, 2023, **Smith** displayed a Lows gang hand sign and displayed a rival gang hand sign upside down to disrespect the rival gang.

28) On or about March 24, 2023, **Alowonle** texted a Lows member and asked about obtaining a firearm.

29) On or about April 24, 2023, **Smith** arranged to sell fentanyl.

30) On or about April 27, 2023, in the area of 902 W. Broadway in Minneapolis, **S.Jackson** and **Richards**, along with other Lows members and associates, shot at a group of suspected rival gang members or associates, killing Victim 5.

31) On or about April or May 2023, **Lucas** and other Lows members and associates shot at rival gang members or associates in the area of 34th or 35th Street and Morgan in Minneapolis.

32) On or about May 22, 2023, **Richards** arranged to sell a firearm with an automatic conversion device.

33) On or about May 2023, **D.Jackson** distributed fentanyl.

34) On or about June 2023, **Lucas** displayed a Lows gang hand sign.

35) On or about July 1, 2023, **Smith** displayed a Lows gang hand sign.

36) On or about July 4, 2023, **S.Jackson** asked when payment for a prior fentanyl sale would be paid.

37) On or about July 23, 2023, **Smith** displayed Lows gang hand signs.

38) On or about July 2023, **Smith** arranged the sale of fentanyl.

39) On or about July 1, 2023, **S.Jackson** posted an invitation to a party on his Facebook page that included gang references and photos of gang hand signs.

40) On or about July 28, 2023, **Smith** possessed a firearm.

41) On or about July 28, 2023, **Smith** possessed fentanyl to sell.

42) On or about July 28, 2023, **S.Jackson** possessed a firearm and ammunition.

43) On or about July 28, 2023, **S.Jackson** possessed fentanyl to sell.

44) On or about August 4, 2023, **Lucas** asked another Lows member or associate about obtaining a firearm.

45) On or about August 7, 2023, **Lucas** asked another Lows member or associate to bring **Lucas** a firearm.

46) On or about Fall 2023, **Knights** possessed fentanyl to sell.

47) On or about August 31, 2023, **Knights** possessed a firearm and ammunition.

48) On or about August 31, 2023, **Knights** possessed fentanyl to sell.

49) On or about Fall 2023, **Lucas** possessed fentanyl to sell.

50) On or about Fall 2023, **Callender** possessed fentanyl to sell.

51) On or about November 1, 2023, **Callender** arranged to sell fentanyl.

52) On or about and between Winter 2023 and March 2024, **Carter** and a person known to the grand jury sold fentanyl.

53) On or about and between December 2023 and February 2024, **Douglas** arranged with a person known to the grand jury to buy and traffic at least one firearm.

54) On or about December 3, 2023, **Douglas** and other Lows members or associates possessed firearms while attending a party in the area of West Lake Street and Grand Ave. South.

55) Upon leaving the party, **Douglas** and other Lows members or associates shot at a vehicle in the area of West Lake Street and Grand Ave. South, killing Victim 6.

56) On or about December 18, 2023, **Callender** displayed a rival gang hand sign upside down to disrespect the rival gang.

57) On or about January 2024, **Collins**, **Alowonle**, and a person known to the grand jury arranged to distribute fentanyl.

58) On or about January 1, 2024, **Collins** sent **Callender** a photo and video of fentanyl.

59) On or about and between January 3, 2024, to January 19, 2024, **Collins**, **Alowonle**, and a person known to the grand jury arranged a trip to Arizona and Los Angeles to obtain fentanyl.

60) On or about January 5, 2024, **Douglas** bought a firearm.

61) On or about January 17, 2024, a person known to the grand jury flew into Minneapolis-Saint Paul International Airport on a Sun Country Airlines flight that was fraudulently purchased.

62) On or about January 17, 2024, a person known to the grand jury possessed fentanyl to distribute.

63) On or about January 22, 2024, **Douglas** purchased a firearm.

64) On or about January 23, 2024, **Carter** arranged with a person known to the grand jury to sell fentanyl.

65) On or about February 20, 2024, **Collins** was with fellow Lows members as they displayed a rival gang hand sign upside down to disrespect the rival gang.

66) On or about February 21, 2024, **Knights** possessed U.S. currency and ammunition, and possessed with the intent to distribute crack cocaine and fentanyl.

67) On or about February 23, 2024, **Douglas** purchased a firearm.

68) On or about February 24, 2024, **Collins** sent a video of fentanyl and of himself packaging them for resale; **Collins** stated, "This I'm doing," and "..what I'm doing."

69) On or about February 27, 2024, **Lucas** and **Collins** texted about conducting surveillance on a vehicle.

70) On or about February 27, 2024, **Lucas, Collins,** and other Lows members or associates drove to the area of the Minneapolis Market on East Franklin Avenue, Minneapolis, and shot at a group of suspected rival gang members or associates, injuring Victim 7, Victim 8, and Victim 9 and killing Victim 10.

71) On or about March 8, 2024, **Carter** possessed fentanyl and cocaine for sale.

72) On or about March 9, 2024, **Collins** posted on social media a photo of fentanyl, advertising the fentanyl for sale.

73) On or about March 11, 2024, **Collins** possessed U.S. currency and a firearm as well as fentanyl for sale.

74) On or about April 19, 2024, **Douglas** possessed at least one machine gun comprised of a firearm and a conversion device that transforms a firearm into a machine gun, and ammunition.

75) On or about April 26, 2024, **D.Jackson** possessed fentanyl.

76) On or about May 7, 2024, **Lucas** possessed a firearm.

77) On or about and between April and May 2024, **D.Jackson** and **Alowonle** planned to obtain and resell fentanyl.

78) On or about May 2, 2024, **D.Jackson** and **Alowonle** possessed fentanyl for sale.

**NOTICE OF SPECIAL SENTENCING FACTORS REGARDING COUNT ONE**

8. Beginning in or about 2022, in the District of Minnesota and elsewhere, and continuing to in or about the date of this Indictment, as part of their agreement to conduct and participate in the conduct of the affairs of the Lows enterprise through a pattern of racketeering activity, defendants **Ashimiyu Alowonle II, a.k.a. Cash ("Alowonle"); Timothy Callender III, a.k.a. Lil' Tim ("Callender"); Glenn Carter III, a.k.a. G5, a.k.a. Bossman Carter ("Carter"); Victor Collins, a.k.a. Vic ("Collins"); Deontae Jackson, a.k.a. Leef ("D.Jackson"); Shannon Jackson, a.k.a. Shakedown ("S.Jackson"); Robert Knights Jr., a.k.a. CMB Rob, a.k.a. Lil' Rob ("Knights"); Albert Lucas V, a.k.a. Abk Sav ("Lucas"); and Cartrelle Smith, a.k.a. Poo Moe ("Smith"),** did combine, conspire, confederate, and agree, together with others, to knowingly and intentionally distribute or possess with the intent to distribute at least 400 grams of a mixture or substance containing a detectable amount of N-

13

phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(vi), and 846.

9.      On or about May 6, 2021, in the District of Minnesota, as part of his agreement to conduct and participate in the conduct of the affairs of the Lows enterprise through a pattern of racketeering activity, the defendant, **Albert Lucas V, a.k.a. Abk Sav**, with premeditation and with intent to affect the death of Victim 1 or another person, did cause the death of Victim 1, in violation of Minnesota Code Sections, 609.185(a)(1) and 609.05.

10.      On or about May 14, 2022, in the District of Minnesota, as part of his agreement to conduct and participate in the conduct of the affairs of the Lows enterprise through a pattern of racketeering activity, the defendant, **Glenn Carter III, a.k.a. G5, a.k.a. Bossman Carter**, did murder Victim 2 and Victim 3, that is, did cause the death of Victim 2 and Victim 3, with premeditation and with intent to affect the death of Victim 2 and Victim 3 or another person, in violation of Minnesota Code Sections, 609.185(a)(1) and 609.05.

11.      On or about April 27, 2023, in the District of Minnesota, as part of their agreement to conduct and participate in the conduct of the affairs of the Lows enterprise through a pattern of racketeering activity, the defendants, **Kaprice Richards, a.k.a. Kap**, and **Shannon Jackson, a.k.a. Shakedown**, aided and abetted by each other and others, did murder Victim 5, that is, did cause the death of Victim 5, with premeditation and with intent to affect the death of Victim 5 or another person, in violation of Minnesota Code Sections, 609.185(a)(1) and 609.05.

12.      On February 27, 2024 in the District of Minnesota, as part of their agreement to conduct and participate in the conduct of the affairs of the Lows enterprise through a pattern of racketeering activity, the defendants **Albert Lucas V, a.k.a. Abk Sav** and **Victor Collins, a.k.a. Vic**, aided and abetted by each other and others, did murder Victim 10, that is, did cause the

14

death of Victim 10, with premeditation and with intent to affect the death of Victim 10 or another person, in violation of Minnesota Code Sections 609.185(a)(1) and 609.05.

All in violation of Title 18 United States Code, Section 1962(d), 1963, and 2.

## COUNT TWO
### Using, Carrying, or Possessing a Firearm in Furtherance of a Crime of Violence Resulting in Death
### (Violation of 18 U.S.C. §§ 924(c)(1)(A), (j)(1) and 2)

1.     At all times relevant to this Indictment, the Lows, as described in paragraphs one through five of Count One, which are realleged and incorporated by reference as if fully set forth herein, constituted an "enterprise," as defined by 18 U.S.C. § 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

2.     At all times relevant to this Indictment, the Lows enterprise, including its members, leaders, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, multiple acts involving murder, in violation of Minnesota Statutes 609.185, 609.19, 609.17, 609.175, and 609.05.1; multiple offenses involving narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846; and multiple acts indictable under Title 18, United States Code, Section 933 (relating to trafficking in firearms).

3.     On or about May 6, 2021, in the State and District of Minnesota, the defendant,

**ALBERT LUCAS V,**
**a.k.a. Abk Sav**

aided and abetted by others known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the Lows, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Victim 1, in violation of

16

Minnesota Code, Sections 609.185(a)(l) and 609.05, in violation of Title 18, United States Code, Sections 1959(a)(l) (Murder in Aid of Racketeering) and 2.

4.    On or about May 6, 2021, in the State and District of Minnesota, the defendant,

**ALBERT LUCAS V,**
**a.k.a. Abk Sav**

aided and abetted by others known and unknown to the Grand Jury, did violate Title 18, United States Code, Section 924(c)(1)(A), that is, did unlawfully, knowingly, and intentionally use and carry a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the Murder in Aid of Racketeering of Victim 1 (Title 18, United States Code, Section 1959(a)(l)), as set forth above, and in the course of such violation, did cause the death of Victim 1 through the use of a firearm, which killing was murder, as defined in Title 18, United States Code, Section 1111.

In violation of Title 18, United States Code, Sections 924(c)(1)(A), (j)(1) and 2.

## COUNT THREE
**Using, Carrying, or Possessing a Firearm in Furtherance of a Crime of Violence Resulting in Death**
**(Violation of 18 U.S.C. §§ 924(c)(1)(A), (j)(1) and 2)**

1.    At all times relevant to this Indictment, the Lows, as described in paragraphs one through five of Count One, which are realleged and incorporated by reference as if fully set forth herein, constituted an "enterprise," as defined by 18 U.S.C. § 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

2.    At all times relevant to this Indictment, the Lows enterprise, including its members, leaders, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, multiple acts involving murder, in violation of Minnesota Statutes 609.185, 609.19, 609.17, 609.175, and 609.05.1; multiple offenses involving narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846; and multiple acts indictable under Title 18, United States Code, Section 933 (relating to trafficking in firearms).

3.    On or about May 14, 2022, in the State and District of Minnesota, the defendant,

**GLENN CARTER III,**
**a.k.a. G5**

aided and abetted by others known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the Lows, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Victim 2 and Victim 3, in violation

18

of Minnesota Code, Sections 609.185(a)(l) and 609.05, in violation of Title 18, United States Code, Sections 1959(a)(l) (Murder in Aid of Racketeering) and 2.

4.    On or about May 14, 2022, in the State and District of Minnesota, the defendant,

**GLENN CARTER III,**
**a.k.a. G5**

aided and abetted by others known and unknown to the Grand Jury, did violate Title 18, United States Code, Section 924(c)(1)(A), that is, did unlawfully, knowingly, and intentionally use and carry a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the Murder in Aid of Racketeering of Victim 2 and Victim 3 (Title 18, United States Code, Section 1959(a)(l)), as set forth above, and in the course of such violation, did cause the death of Victim 2 and Victim 3 through the use of a firearm, which killing was murder, as defined in Title 18, United States Code, Section 1111.

In violation of Title 18, United States Code, Sections 924(c)(1)(A), (j)(1) and 2.

19

## COUNT FOUR
**Using, Carrying, or Possessing a Firearm in Furtherance of a Crime of Violence Resulting in Death**
**(Violation of 18 U.S.C. §§ 924(c)(1)(A), (j)(1) and 2)**

1.    At all times relevant to this Indictment, the Lows, as described in paragraphs one through five of Count One, which are realleged and incorporated by reference as if fully set forth herein, constituted an "enterprise," as defined by 18 U.S.C. § 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

2.    At all times relevant to this Indictment, the Lows enterprise, including its members, leaders, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, multiple acts involving murder, in violation of Minnesota Statutes 609.185, 609.19, 609.17, 609.175, and 609.05.1; multiple offenses involving narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846; and multiple acts indictable under Title 18, United States Code, Section 933 (relating to trafficking in firearms).

3.    On or about April 27, 2023, in the State and District of Minnesota, the defendants

**SHANNON JACKSON,**
**a.k.a. Shakedown;**
and
**KAPRICE RICHARDS,**
**a.k.a. Kap**

aided and abetted by others known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the Lows, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Victim 5, in violation of

20

Minnesota Code, Sections 609.185(a)(1) and 609.05, in violation of Title 18, United States Code, Sections 1959(a)(1) (Murder in Aid of Racketeering) and 2.

4.      On or about April 27, 2023, in the State and District of Minnesota, the defendants,

**SHANNON JACKSON,**
**a.k.a. Shakedown;**
and
**KAPRICE RICHARDS,**
**a.k.a. Kap**

aided and abetted by others known and unknown to the Grand Jury, did violate Title 18, United States Code, Section 924(c)(1)(A), that is, did unlawfully, knowingly, and intentionally use and carry a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the Murder in Aid of Racketeering of Victim 5 (Title 18, United States Code, Section 1959(a)(1)), as set forth above, and in the course of such violation, did cause the death of Victim 5 through the use of a firearm, which killing was murder, as defined in Title 18, United States Code, Section 1111.

In violation of Title 18, United States Code, Sections 924(c)(1)(A), (j)(1) and 2.

21

## COUNT FIVE
### Using, Carrying, or Possessing a Firearm in Furtherance of a Crime of Violence Resulting in Death
#### (Violation of 18 U.S.C. §§ 924(c)(1)(A), (j)(1) and 2)

1. At all times relevant to this Indictment, the Lows, as described in paragraphs one through five of Count One, which are realleged and incorporated by reference as if fully set forth herein, constituted an "enterprise," as defined by 18 U.S.C. § 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

2. At all times relevant to this Indictment, the Lows enterprise, including its members, leaders, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, multiple acts involving murder, in violation of Minnesota Statutes 609.185, 609.19, 609.17, 609.175, and 609.05.1; multiple offenses involving narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846; and multiple acts indictable under Title 18, United States Code, Section 933 (relating to trafficking in firearms).

3. On or about February 27, 2024, in the State and District of Minnesota, the defendants,

**VICTOR COLLINS,**
**a.k.a. Vic;**
and
**ALBERT LUCAS V,**
**a.k.a. Abk Sav**

aided and abetted by others known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the Lows, an enterprise engaged in

22

racketeering activity, did knowingly and intentionally murder Victim 10, in violation of Minnesota Code, Sections 609.185(a)(l) and 609.05, in violation of Title 18, United States Code, Sections 1959(a)(l) (Murder in Aid of Racketeering) and 2.

4.      On or about February 27, 2024, in the State and District of Minnesota, the defendants,

**VICTOR COLLINS,**
**a.k.a. Vic;**
and
**ALBERT LUCAS V,**
**a.k.a. Abk Sav**

aided and abetted by others known and unknown to the Grand Jury, did violate Title 18, United States Code, Section 924(c)(1)(A), that is, did unlawfully, knowingly, and intentionally and carry a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the Murder in Aid of Racketeering of Victim 10 (Title 18, United States Code, Section 1959(a)(l)), and in the course of such violation, did cause the death of Victim 10 through the use of a firearm, which killing was murder, as defined in Title 18, United States Code, Section 1111.

In violation of Title 18, United States Code, Sections 924(c)(1)(A), (j)(1) and 2.

23

COUNT SIX
**Conspiracy to Distribute Controlled Substances**
**(Violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846)**

From in or about 2022, and continuing through on or about the date of this Indictment, in the State and District of Minnesota and elsewhere, the defendants,

**ASHIMIYU ALOWONLE II,**
**a.k.a. Cash;**
**TIMOTHY CALLENDER III,**
**a.k.a. Lil' Tim;**
**GLENN CARTER III,**
**a.k.a. G5,**
**a.k.a. Bossman Carter;**
**VICTOR COLLINS,**
**a.k.a. Vic;**
**DEONTAE JACKSON,**
**a.k.a. Leef;**
**SHANNON JACKSON,**
**a.k.a. Shakedown;**
**ROBERT KNIGHTS JR.,**
**a.k.a. CMB Rob**
**a.k.a. Lil' Rob;**
**ALBERT LUCAS V,**
**a.k.a. Abk Sav;**
and
**CARTRELLE SMITH,**
**a.k.a. Poo Moe**

did knowingly and intentionally conspire with others known and unknown to the Grand Jury to distribute at least 400 grams of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A) and 846.

24

## COUNT SEVEN
### Possession with Intent to Distribute a Controlled Substance
### (Violation of 21 U.S.C. § 841(a)(1), (b)(1)(C))

On or about July 28, 2023, in the State and District of Minnesota, the defendant,

### SHANNON JACKSON
### a.k.a. Shakedown

did unlawfully, knowingly, and intentionally possess with the intent to distribute a mixture and

substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]

propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Section

841(a)(1), (b)(1)(C).

## COUNT EIGHT
### Possessing a Firearm in Furtherance of Drug Trafficking
### (Violation of 18 U.S.C. § 924(c)(1)(A))

On or about July 28, 2023, in the State and District of Minnesota, the defendant,

### SHANNON JACKSON
### a.k.a. Shakedown

did knowingly possess a firearm, that is, a Glock model 30 .45 caliber pistol, in furtherance of a

drug trafficking crime for which he may be prosecuted in a court of the United States, that is,

possession with intent to distribute fentanyl, as charged in Count Seven of this Indictment; all in

violation of Title 18, United States Code, Section 924(c)(1)(A).

**COUNT NINE**
**Felon in Possession of a Firearm**
**(Violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8))**

On or about July 28, 2023, in the State and District of Minnesota, the defendant,

**SHANNON JACKSON**
**a.k.a. Shakedown**

having previously been convicted of the following crimes, each of which was punishable by

imprisonment for a term exceeding one year:

| Offense | Place of Conviction | Date of Conviction (On or About) |
|---|---|---|
| Felon in Possession | Hennepin County, MN | June 17, 2020 |
| Aggravated 1st Degree Robbery | Hennepin County, MN | July 6, 2015 |
| Aggravated 1st Degree Robbery | Hennepin County, MN | July 26, 2011 |

and knowing he had been convicted of at least one crime punishable by imprisonment for a term

exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, that

is, a Glock model 30 .45 caliber pistol; all in violation of Title 18, United States Code, Sections

922(g)(1) and 924(a)(8).

## COUNT TEN
### Possession with Intent to Distribute a Controlled Substance
### (Violation of 21 U.S.C. § 841(a)(1), (b)(1)(C))

On or about July 28, 2023, in the State and District of Minnesota, the defendant,

### CARTRELLE SMITH
### a.k.a. Poo Moe

did unlawfully, knowingly, and intentionally possess with the intent to distribute a mixture and

substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]

propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Section

841(a)(1), (b)(1)(C).

## COUNT ELEVEN
### Possessing a Firearm in Furtherance of Drug Trafficking
### (Violation of 18 U.S.C. § 924(c)(1)(A))

On or about July 28, 2023, in the State and District of Minnesota, the defendant,

### CARTRELLE SMITH
### a.k.a. Poo Moe

did knowingly possess a firearm, that is, a Glock model 19 9mm pistol, in furtherance of a drug

trafficking crime for which he may be prosecuted in a court of the United States, that is,

possession with intent to distribute fentanyl, as charged in Count Ten of this Indictment; all in

violation of Title 18, United States Code, Section 924(c)(1)(A).

27

## COUNT TWELVE
### Felon in Possession of a Firearm
### (Violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8))

On or about July 28, 2023, in the State and District of Minnesota, the defendant,

### CARTRELLE SMITH,
### a.k.a. Poo Moe

having previously been convicted of the following crimes, each of which was punishable by

imprisonment for a term exceeding one year:

| Offense | Place of Conviction | Date of Conviction (On or About) |
|---|---|---|
| 2nd Degree Murder with Intent | Hennepin County, MN | October 6, 2014 |
| 2nd Degree Assault – Dangerous Weapon | Hennepin County, MN | October 6, 2014 |

and knowing he had been convicted of at least one crime punishable by imprisonment for a term

exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, that

is, a Glock model 19 9mm pistol; all in violation of Title 18, United States Code, Sections

922(g)(1) and 924(a)(8).

28

## COUNT THIRTEEN
**Possession with Intent to Distribute a Controlled Substance**
**(Violation of 21 U.S.C. § 841(a)(1), (b)(1)(B))**

On or about August 31, 2023, in the State and District of Minnesota, the defendant,

**ROBERT KNIGHTS JR.**
**a.k.a. CMB Rob**
**a.k.a. Lil' Rob**

did unlawfully, knowingly, and intentionally possess with the intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B).

## COUNT FOURTEEN
**Possessing a Firearm in Furtherance of Drug Trafficking**
**(Violation of 18 U.S.C. § 924(c)(1)(A))**

On or about August 31, 2023, in the State and District of Minnesota, the defendant,

**ROBERT KNIGHTS JR.**
**a.k.a. CMB Rob**
**a.k.a. Lil' Rob**

did knowingly possess a firearm, that is, a Micro Draco pistol, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute fentanyl, as charged in Count Thirteen of this Indictment; all in violation of Title 18, United States Code, Section 924(c)(1)(A).

29

## COUNT FIFTEEN
### Possession with Intent to Distribute a Controlled Substance
### (Violation of 21 U.S.C. § 841(a)(1), (b)(1)(C))

On or about March 11, 2024, in the State and District of Minnesota, the defendant,

### VICTOR COLLINS
### a.k.a. Vic

did unlawfully, knowingly, and intentionally possess with the intent to distribute a mixture and

substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]

propanamide, commonly known as fentanyl, in violation of Title 21, United States Code, Section

841(a)(1), (b)(1)(C).

## COUNT SIXTEEN
### Possessing a Firearm in Furtherance of Drug Trafficking
### (Violation of 18 U.S.C. § 924(c)(1)(A))

On or about March 11, 2024, in the State and District of Minnesota, the defendant,

### VICTOR COLLINS
### a.k.a. Vic

did knowingly possess a firearm, that is, a CZ pistol, 9mm Luger, in furtherance of a drug

trafficking crime for which he may be prosecuted in a court of the United States, that is,

possession with intent to distribute fentanyl, as charged in Count Fifteen of this Indictment; all in

violation of Title 18, United States Code, Section 924(c)(1)(A).

30

## COUNT SEVENTEEN
### Felon in Possession of a Firearm
#### (Violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8))

On or about April 19, 2024, in the State and District of Minnesota, the defendant,

### DAMARI DOUGLAS
### a.k.a. Mari

having previously been convicted of the following crimes, each of which was punishable by

imprisonment for a term exceeding one year:

| Offense | Place of Conviction | Date of Conviction (On or About) |
|---------|---------------------|----------------------------------|
| Theft | Hennepin County, MN | May 24, 2023 |

and knowing he had been convicted of at least one crime punishable by imprisonment for a term

exceeding one year, did knowingly possess, in and affecting interstate commerce, at least one of

the following firearms, that is, (1) a 9mm-caliber Glock pistol, model 19, equipped with an

automatic conversion device, commonly known as a "switch" or "auto sear," and (2) a Century

Arms model Draco pistol, in violation of Title 18, United States Code, Sections 922(g)(1) and

924(a)(2).

31

## COUNT EIGHTEEN
### Possession of a Machinegun
### (Violation of 18 U.S.C. §§ 922(o)(1) and 924(a)(2))

On or about April 19, 2024, in the State and District of Minnesota, the defendant,

### DAMARI DOUGLAS
### a.k.a. Mari

did knowingly possess a machinegun—that is, a 9mm-caliber Glock pistol, model 19, equipped with an automatic conversion device, commonly known as a "switch" or "auto sear," enabling it to be fired as a fully automatic weapon by a single function of the trigger—knowing it had characteristics that made it a machinegun as defined by Title 26, United States Code, Section 5845(b), all in violation of Title 18, United States Code, Sections 922(o)(1) and 924(a)(2).

## <u>FORFEITURE ALLEGATIONS</u>

Counts 1–18 of this Indictment are realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 924(d) and 1963, and Title 21 United States Code, Section 853.

Upon conviction of Count 1, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963, the following property:

    a.  any interest acquired or maintained in violation of Title 18, United States Code, Section 1962;

    b.  an interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the defendant(s) established, operated, controlled, conducted, or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and

    c.  any property constituting, derived from, any proceeds obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of Title 18, United States Code, Section 1962.

Upon conviction of any of Counts 6, 7, 10, 13, and 15 of this Indictment, the defendants involved in each count shall forfeit to the United Sates pursuant to Title 21, United States Code, Section 853(a), any and all property constituting, or derived from, any proceeds they obtained directly or indirectly as a result of said violations, and any and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of said violations.

Upon conviction of any of Counts 8, 9, 11, 12, 14, 16, 17, and 18 of this Indictment, the defendants involved in each count shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), in conjunction with Title 28, United States Code, Section 2461(c), any firearms, accessories, or ammunition involved in or used in connection with the corresponding violation.

If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 1963(m) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

ANDREW M. LUGER
UNITED STATES ATTORNEY

_____
GARRETT FIELDS
Assistant United States Attorney
United States Attorney's Office
District of Minnesota

_____
DAVID CLASSEN
Assistant United States Attorney
United States Attorney's Office
District of Minnesota

_____
JARED ENGELKING
Trial Attorney
Violent Crime and Racketeering Section
U.S. Department of Justice

34